IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff, | )<br>) CIVIL NO. 04-1276<br>) (The Honorable John P. Fullam) |
|   v. | ) |
| QVC, INC.,<br>   Defendant/Third-Party Plaintiff | )<br>) |
|   v. | ) |
| VITAQUEST INTERNATIONAL, INC., et al.<br>   Third-Party Defendants. | )<br>) |

**MOTION OF EMORD & ASSOCIATES, P.C. AND BLANK ROME LLP TO WITHDRAW AS COUNSEL TO THIRD-PARTY DEFENDANT SHARI LIEBERMAN**

Pursuant to Rule 5.1(c) of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, Emord & Associates, P.C. and Blank Rome LLP hereby move this Honorable Court for entry of an Order permitting them to withdraw as counsel to Third-Party Defendant Dr. Shari Lieberman in the above-captioned action. The factual and legal grounds for this Motion are set forth in the accompanying Memorandum of Law.

          Respectfully submitted,
          **BLANK ROME LLP**

          _/s/_

          Matthew J. Siembieda (I.D. No. 15299)
          Timothy D. Katsiff (I.D. No. 75490)
          Matthew D. Lee (I.D. No. 85914)
          Frank A. Dante (I.D. No. 87888/FAD0845)
          BLANK ROME LLP
          One Logan Square
          Philadelphia, PA 19103-6988
          (215) 569-5500

        and

EMORD & ASSOCIATES, P.C.

_____
Jonathan W. Emord
Andrea G. Ferrenz
Kathryn E. Balmford
EMORD & ASSOCIATES, P.C.
1800 Alexander Bell Drive, Suite 200
Reston, VA 20191
(202) 466-6937

*Attorneys for Third-Party Defendant*
*Dr. Shari Lieberman*

Dated: September 22, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff, | )<br>) CIVIL NO. 04-1276<br>) (The Honorable John P. Fullam) |
| 　　　　v. | ) |
| QVC, INC.,<br>　　　　Defendant/Third-Party Plaintiff | )<br>)<br>) |
| 　　　　v. | )<br>) |
| VITAQUEST INTERNATIONAL, INC., et al.<br>　　　　Third-Party Defendants. | )<br>) |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF EMORD & ASSOCIATES, P.C. AND BLANK ROME LLP TO WITHDRAW AS COUNSEL TO THIRD-PARTY DEFENDANT

Pursuant to Rule 5.1(c) of the Local Rule of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, Emord & Associates, P.C. ("*Emord*") and Blank Rome LLP ("*Blank Rome*") counsel and local counsel respectively (collectively "*Moving Counsel*") to Third-Party Defendant Dr. Shari Lieberman ("*Dr. Lieberman*"), respectively submit this Memorandum of Law in support of their Motion to Withdraw as Counsel to Third-Party Defendant (the "*Motion*") in the above-captioned action.

Moving Counsel's Motion should be granted for four reasons: First, Dr. Lieberman has expressly stated that she wishes to proceed *pro se* and no longer seeks to be represented by Emord or Blank Rome. Second, there is no resulting prejudice to Dr. Lieberman or any other party if the Motion is granted. Third, the granting of the Motion will in no way affect the administration of justice. Fourth, the disposition of this action will not be delayed if the instant Motion is granted. Accordingly, Moving Counsel should be permitted to withdraw as counsel and local counsel for Dr. Lieberman.

## FACTUAL BACKGROUND

On March 23, 2004, the United States of America filed a complaint against QVC, Inc. ("*QVC*") in the United States District Court for the Eastern District of Pennsylvania. On April 14, 2004, QVC filed a Third-Party Complaint against Dr. Lieberman. On or about April 14, 2004, Dr. Lieberman retained Emord as primary counsel in the above-mention action. On or about May 6, 2004, Dr. Lieberman retained Blank Rome in the limited capacity as local counsel in the above-mentioned action. On June 9, 2004, Dr. Lieberman filed a Motion to Dismiss the Third-Party complaint ("***Motion to Dismiss***"). On August 31, 2004, Dr. Lieberman communicated to Emord that she no longer wanted Emord to represent her as primary counsel in the above-mentioned action. On September 1, 2004, Dr. Lieberman communicated to Blank Rome that she no longer wanted Blank Rome to represent her as local counsel in the above-mentioned action.

## ARGUMENT

### A. STANDARD FOR RULE 5.1(C)

Rule 5.1(c) of the Local Rule of Civil Procedures of the United States District Court for the Eastern District of Pennsylvania provides that: "[a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this Court shall at the same time enter an appearance for the same party." E.D.Pa. R. Civ. P. 5.1(c).

The purpose of Rule 5.1(c) is to provide a "provision of communication between the litigants and the court, as well as ensuring effective court administration." *Green Stripe, Inc. v. Berny's Internacionale, S.A. de C.V.*, 2003 U.S. Dist. LEXIS 6633, at *3 (E.D.Pa. Mar. 31, 2003) (*quoting Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676 (3d Cir. 1986)). When deciding a motion to withdraw, the Court should consider four competing factors, which include (1) reason

for withdrawal; (2) resulting prejudice, if any, to the parties; (3) the affect withdrawal may have on the administration of justice; and (4) whether and to what extent final disposition of the case will be delayed." Id. (*quoting Brown v. Hyster Co., Inc.*, 1994 U.S. Dist. LEXIS 3595, 1994 WL 102008 (E.D. Pa. Mar. 25, 1994)).

B. **DR. LIEBERMAN NO LONGER SEEKS TO BE REPRESENTED BY EITHER EMORD OR BLANK ROME**

Dr. Lieberman retained Emord as counsel in the above-mentioned action on or about April 14, 2004. On August 31, 2004, Dr. Lieberman communicated to Emord that she no longer wanted Emord to represent her as primary counsel in the above-captioned action. Dr. Lieberman has decided to proceed pro se and understands Emord will inform the Court of her decision to no longer be represented by Emord as counsel in the above-captioned action.

Dr. Lieberman retained Blank Rome as the limited capacity as local counsel in the above-mentioned action on or about May 6, 2004. On September 1, 2004, Dr. Lieberman communicated to Blank Rome that she no longer wanted Blank Rome to represent her as local counsel in the above-captioned action. Dr. Lieberman requested that Blank Rome inform the Court of her decision to no longer be represented by Blank Rome as local counsel in the above-captioned action.

C. **THERE IS NO RESULTING PREJUDICE TO THE PARTIES IF THE MOTION IS GRANTED**

Emord's withdrawal as counsel to Dr. Lieberman in the above-captioned action will have no prejudicial effect on any of the parties. Emord was retained by Dr. Lieberman to serve as counsel. Dr. Lieberman communicated to Emord that she wanted to proceed pro se and no longer wants Emord to represent her as counsel in the above-captioned action. Emord advised Dr. Lieberman of the potential consequences of an order permitting Emord's withdrawal as

counsel in the above-mentioned action. After listening to such advice, Dr. Lieberman wishes to proceed pro se and to discharge Emord as her counsel in the above-mentioned action.

Blank Rome's withdrawal as local counsel to Dr. Lieberman in the above-captioned action will have no prejudicial effect on any of the parties. Dr. Lieberman retained Blank Rome to serve merely as her local counsel. Dr. Lieberman communicated to Blank Rome that she no longer wants Blank Rome to represent her as local counsel in the above-captioned action. Blank Rome advised Dr. Lieberman of the potential consequences of an order permitting Blank Rome's withdrawal as her local counsel in the above-mentioned action. After listening to such advice, Dr. Lieberman still requested that Blank Rome withdraw as her local counsel in the above-mentioned action.

Moreover, this Court has held that a motion to withdrawal should be granted in cases where the motion to withdrawal is submitted in the early stages of the litigation. *McAllister v. Massan Shipping of La.,* 1997 U.S. Dist. Lexis 4781 (E.D. Pa.Apr. 9, 1997). The above-captioned action is currently in its infancy stage. On April 14, 2004, the Third-Party Plaintiff, QVC, filed a Third-Party complaint against Dr. Lieberman. On June 9, 2004, Dr. Lieberman responded to the complaint with a Motion to Dismiss. The Court has currently not made a decision on the Motion to Dismiss. Additionally, the Court has not established a Scheduling Order for the above-captioned action and the parties have not yet commenced discovery. Therefore, Blank Rome's withdrawal as local counsel to Dr. Lieberman at this early stage of the litigation will not prejudice any of the parties.

**D.    THE ADMINISTRATION OF JUSTICE WILL NOT BE AFFECTED**

The Court has held that a motion to withdrawal will not affect the administration of justice when the party can articulate her claims and arguments in support thereof. *Rose v.*

*Morning Call*, 1997 U.S. Dist. Lexis 3912, 1997-1 Trade Cas. (CCH) P71775 (E.D. Pa. Mar. 28, 1997). Dr. Lieberman is well educated. Dr. Lieberman holds a Masters Degree in Nutrition, Food Science and Dietetics from New York University and a Ph.D. in Clinical Nutrition and Exercise Physiology from The Union Institute in Cincinnati, Ohio. Dr. Lieberman deals with lawyers on a regular basis. Dr. Lieberman is very capable of articulating her claims and arguments in support thereof. Therefore, moving counsel's withdrawal in the above-captioned action should not affect the administration of justice.

Moreover, Dr. Lieberman is currently pursuing claims for indemnification against another party. Dr. Lieberman has retained the law firm of Collier Shannon Scott PLLC ("***Collier Shannon***") to represent her in this. Therefore, there is no reason to think that Collier Shannon or another law firm will not represent Dr. Lieberman in the instant case

### E.    FINAL DISPOSITION OF THE CASE WILL NOT BE DELAYED

The final disposition of the case should not be affected by moving counsel's withdrawal as counsel and local counsel respectively to Dr. Lieberman in the above-captioned action. As discussed, the above-captioned action is currently in its infancy stage. On April 14, 2004, the Third-Party Plaintiff, QVC, filed a Third-Party complaint against Dr. Lieberman. On June 9, 2004, Dr. Lieberman responded to the complaint with the Motion to Dismiss. The Motion to Dismiss is currently pending before the Court. Additionally, the Court has not established a Scheduling Order for the above-captioned action and the parties have not commenced discovery. Therefore, the final disposition of the case should not be affected.

## CONCLUSION

For the reasons stated, Moving Counsel requests that its Motion be granted and that the Court authorize Emord and Blank Rome to withdraw as counsel and local counsel respectively to Third-Party Defendant in this action.

                      Respectfully submitted,
                      BLANK ROME LLP

                      Matthew J. Siembieda (I.D. No. 15299)
                      Timothy D. Katsiff (I.D. No. 75490)
                      Matthew D. Lee (I.D. No. 85914)
                      Frank A. Dante (I.D. No. 87888/FAD0845)
                      BLANK ROME LLP
                      One Logan Square
                      Philadelphia, PA 19103-6988
                      (215) 569-5500

                      and

                      **EMORD & ASSOCIATES, P.C.**

                      Jonathan W. Emord
                      Andrea G. Ferrenz
                      Kathryn E. Balmford
                      Emord & Associates, P.C.
                      1800 Alexander Bell Drive, Suite 200
                      Reston, VA 20191
                      (202) 466-6937
                      Of Counsel for Dr. Shari Lieberman


                      *Attorneys for Third-Party Defendant*
                      *Dr. Shari Lieberman*

Dated: September 22, 2004

## CERTIFICATE OF SERVICE

I, Frank A. Dante, hereby certify that on this 24th day of September, 2004, I served a true and correct copy of the foregoing Motion For Leave To Withdraw As Counsel to be served on the following attorneys of record by United States mail, postage prepaid:

David M. Howard, Esquire
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2973

David R. Hoffman, Esquire
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

Gale White, Esquire
White & Williams
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395

William H. Ewing, Esquire
ECKERT SEAMANS CHERIN & MELLOTT
1515 Market Street, 9th Floor
Philadelphia, PA 19102-1909

Christopher R. Mellott, Esquire
Ryan M. Walsh, Esquire
VENABLE, LLP
1800 Merchantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, MD 21201

Mark Josephs, Esquire
Office of Consumer Litigation
Civil Division
U.S. Department of Justice
Washington, DC 20530

Charles E. Buffon, Esquire
Joshua Wolson, Esq.
Jillian B. Berman, Esq.
COVINGTON & BURLING
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401

Linda Goldstein, Esquire
Cynthia Arato, Esquire
MANATT, PHELPS & PHILLIPS, LLP
500 Fifth Avenue
New York, NY 10110

Jeffrey D. Knowles, Esquire
Roger A. Colaizzi
VENABLE, LLP
575 7th Street
Washington, DC 20004

Dr. Shari Lieberman
60 E. Eighth Street
Suite 14C
New York, NY 10003

*Frank A. Dante*
Frank A. Dante