UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>QVC, INC.,<br><br>    Defendant/Third-Party Plaintiff,<br><br>    v.<br><br>VITAQUEST INTERNATIONAL, INC., et al.,<br><br>    Third-Party Defendants. | Civil Action No. 04-1276<br>(The Honorable John P. Fullam) |

## CONSENT DECREE

WHEREAS: Plaintiff, the United States of America, filed its Complaint in this action for monetary civil penalties, consumer redress, injunctive and other relief pursuant to 15 U.S.C. §§ 45(a), 45(*l*), 52, 53(b), and 56(a) against defendant QVC, Inc. ("QVC"), alleging violations of the Order entered by the Federal Trade Commission ("FTC" or "Commission") on June 14, 2000, in a Commission proceeding bearing Docket No. C-3955, and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

WHEREAS, plaintiff and defendant have been represented by counsel and have agreed to the entry of this Consent Decree by this Court to resolve all matters of dispute between the plaintiff and defendant, and to satisfy all monetary claims asserted by the plaintiff, with respect to the conduct of defendant alleged in the Complaint in this action, without trial or further

adjudication of any issue of fact or law and without defendant admitting liability for any of the matters alleged in the Complaint;

THEREFORE, on the joint motion of plaintiff and defendant, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. This Court has jurisdiction over the subject matter and the parties.

2. The Complaint states a claim upon which relief may be granted against defendant under Sections 5(a), 5(*l*), 12, 13(b) and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(*l*), 52, 53(b) and 56(a).

3. The following definition shall apply to this Consent Decree: "Commission's Order" means the FTC Order in FTC Docket No. C-3955 (2000), a copy of which is attached hereto as Exhibit A and made a part of this Order.

## I.

## CIVIL PENALTY

IT IS FURTHER ORDERED that:

A. Pursuant to Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*), defendant QVC shall pay a monetary civil penalty of One Million, Five Hundred Thousand Dollars ($1,500,000).

B. Defendant QVC shall make the payments required by Subpart A of this Part, within five (5) days after the date of entry of this Order by electronic fund transfer in accordance with the instructions provided by: The Office of Consumer Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. 20530.

C. In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid penalty, together with interest

as computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

## II.

## CONSUMER REDRESS

**IT IS FURTHER ORDERED** that no later than five (5) days after the date of entry of this Consent Decree, defendant QVC shall pay to the Commission the sum of Six Million Dollars ($6,000,000) under the following terms and conditions:

- A. The payment shall be made by wire transfer or certified or cashier's check made payable to the Federal Trade Commission.

- B. In the event of any default on any obligation to make payment under this Part, which default continues for ten (10) days beyond the due date of payment, the entire unpaid amount, together with interest as computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

- C. All funds paid pursuant to this Part shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress for consumers who purchased from defendant any of the products specified in paragraph II.D.1., infra, and any attendant expenses for the administration of any redress fund. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including information remedies) as it determines to be reasonably related to defendant QVC's practices alleged in the Complaint. Any funds not

3

applied by the Commission for such equitable relief shall be deposited to the United States Treasury as equitable disgorgement. Defendant QVC shall have no right to challenge the Commission's choice of remedies under this Part. No portion of any payments under this Part shall be deemed a payment of any fine, penalty, punitive assessment, or forfeiture.

D. Within sixty (60) days from the date of entry of this Consent Decree, defendant QVC must:

1. Compile a mailing list identifying each person who purchased any of the following products from QVC, during the period from June 14, 2000, through the date of entry of this Consent Decree:

   a. Bee-Alive Feel Good 90 Day System

   b. Bee-Alive Sweet Energy Royal Jelly

   c. Bee-Alive Pure Royal Jelly

   d. Bee-Alive 10 Piece Pick-Me-Up Formula

   e. For Women Only Zero Fat

   f. For Women Only Advanced Zero Fat

   g. For Women Only Zero Fat Ultra

   h. For Women Only Zero Carb

   i. For Women Only Advanced Zero Carb

   j. For Women Only 30 Day Weight Control System

   k. All Lite Bites products

   l. Lipofactor Target Lotion

   m. Lipofactor Target Spray

4

2. Include on the list the person's name and last known address, the name and quantity of product(s) purchased, the total cost of the product(s) purchased, and any refunds or credit previously provided; and

3. Provide Commission staff with a copy of the mailing list in a mutually agreeable electronic form on (1) a product-by-product basis and (2) an overall basis.

### III.

### PROHIBITION AGAINST VIOLATING COMMISSION'S ORDER

IT IS FURTHER ORDERED that defendant QVC, and its successors and assigns, and their officers, agents, representatives, and employees, and all persons in active concert or participation with them who receive actual notice of this Consent Decree by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, are hereby permanently enjoined from violating any provision of the Commission's Order as modified in the manner provided in Part IV of this Consent Decree.

### IV.

### MODIFICATION OF THE COMMISSION'S ORDER

IT IS FURTHER ORDERED that, defendant QVC shall consent to: reopening of the proceeding in FTC Docket No. C-3955; waiver of its rights under the show cause procedures set forth in Section 3.72(b) of the Commission's Rules of Practice, 16 C.F.R. § 3.72(b); and modification of the Commission's Order as follows:

A. By renumbering Parts II, III, IV, V, VI, VII, VIII, and IX as Parts III, IV, V, VI, VII, VIII, IX, and X, respectively;

B. By adding a new Part II of the Commission's Order that reads as follows:

* * *

## II.

IT IS FURTHER ORDERED that respondent, directly or through any corporation, subsidiary, division or other device, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Lipofactor or any other drug or cosmetic, as "drug" and "cosmetic" are defined in Section 15 of the Federal Trade Commission Act, in or affecting commerce, are hereby permanently enjoined from making any representation, in any manner, expressly or by implication, including, but not limited to, through the use of before-and-after depictions, or endorsements that such product:

A. Eliminates or reduces cellulite; or

B. Causes measurable inch loss from users' arms, thighs, abdomens, or other targeted areas of the body,

unless, at the time the representation is made, respondent possesses and relies upon competent and reliable scientific evidence that substantiates the representation.

* * *

C. By replacing the current language in the newly designated Part X with the following:

* * *

## X.

This order will terminate twenty (20) years from the date this order, as modified, is issued, or twenty years from the most recent date that the United States or the Federal Trade Commission files a complaint (with or without an accompanying consent decree) in federal court alleging any violation of the order, whichever comes later; provided, however, that the filing of such a complaint will not affect the duration of:

A. Any Part in this order that terminates in less than twenty (20) years;

B. This order's application to any respondent that is not named as a defendant in such complaint; and

C. This order if such complaint is filed after the order has terminated pursuant to this Part.

<u>Provided, further,</u> that if such complaint is dismissed or a federal court rules that the respondent did not violate any provision of the order, and the dismissal or ruling is either not appealed or upheld on appeal, then the order will terminate according to this Part as though the complaint had never been filed, except that the order will not terminate between the date such complaint is filed and the later of the deadline for appealing such dismissal or ruling and the date such dismissal or ruling is upheld on appeal.

\* \* \*

## V.

## DISTRIBUTION OF CONSENT DECREE BY DEFENDANT

IT IS FURTHER ORDERED that defendant QVC, and its successors and assigns, shall, within thirty (30) days after the date of entry of this Consent Decree, provide a copy of the Commission's Order, as modified in the manner provided in Part IV, and a copy of this Consent Decree to each of its officers, and to all personnel, whether such persons are designated as employees, consultants, independent contractors, vendor representatives, or otherwise, involved in the advertising or promotion of any product covered by the Commission's Order, as modified in the manner provided in Part IV. Defendant QVC shall provide a copy of the Commission's Order, as modified in the manner provided in Part IV, and this Consent Decree to future personnel within thirty (30) days after the person assumes such position or responsibilities. Within ten (10) days of complying with this paragraph, each defendant shall provide the Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, Washington, DC 20580, an affidavit setting forth the fact and manner of its

7

compliance, including the name and title of each person to whom a copy of the Commission's Order, as modified in the manner provided in Part IV, and a copy of the Consent Decree has been provided.

## VI.

## RECORD-KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Consent Decree, defendant QVC, and its successors and assigns, shall maintain and, upon request, make available to the Commission, copies of all business records demonstrating compliance with the terms and provisions of this Consent Decree.

## VII.

## CONTINUING JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Consent Decree.

JUDGMENT IS THEREFORE ENTERED in favor of plaintiff and against defendant, pursuant to all the terms and conditions recited above.

Dated this _____ date of _____, 2009

_____
John P. Fullam
United States District Judge

8

13130273.DOC

The parties, by their respective counsel, hereby consent to the terms and conditions of the Consent Decree as set forth above and consent to the entry thereof. Defendant waives any rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, <u>amended by</u> Pub. L. 104-121, 110 Stat. 847, 863-63 (1996).

FOR THE UNITED STATES OF AMERICA:

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division
United States Department of Justice

PATRICK MEEHAN
United States Attorney
Eastern District of Pennsylvania

JOSEPH TRAUTWEIN
Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

EUGENE M. THIROLF
Director
KENNETH JOST
Deputy Director
Office of Consumer Litigation

MARK L. JOSEPHS
Trial Attorney
Office of Consumer Litigation
Civil Division
U.S. Department of Justice
Washington, D.C. 20530
(202) 305-3630

FOR THE FEDERAL TRADE COMMISSION:

JAMES A. KOHM
Associate Director for Enforcement

ROBERT KAYE
Assistant Director for Enforcement

MARK MORELLI
Attorney
Division of Enforcement
Bureau of Consumer Protection
600 Pennsylvania Avenue, N.W.
Federal Trade Commission
Washington, D.C. 20580
(202) 326-2601

FOR THE DEFENDANT:

QVC, INC.

By: _____
LAWRENCE R. HAYES
General Counsel

By: _____
ALAN K. PALMER
Kaye Scholer, LLP
901 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 682-3536

Attorneys for Defendant QVC, Inc.

13130084.DOC

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2009, a true copy of the Consent Decree was served by electronic filing on the following parties:

David M. Howard, Esq.
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808

Alan Palmer, Esq.
Kaye Scholer LLP
901 15th Street, N.W., Suite 1100
Washington, DC 20005

*Attorneys for Defendant/Third-Party Plaintiff QVC, Inc.*

Matthew J. Siembieda, Esq.
Matthew Lee, Esq.
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103-6988

*Attorneys for Third-Party Defendant Nutrition 21, Inc.*

Edward Gross, Esq.
Riker Danzig Scherer Hyland& Perretti, LLP
New Jersey Office at Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07692-1981

*Attorneys for Third-Party Vitaquest International, Inc.*

Christopher R. Mellott, Esq.
Randolph Stuart Sergent, Esq.
Venable LLP
Two Hopkins Plaza
Suite 1800
Baltimore, MD 21201-2978

*Attorneys for Third-Party Defendants Bee-Alive, Inc. and
Madeline Balletta*

Matthew J. Borger, Esq.
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 South Broad Street
Suite 400
Philadelphia, PA 19102

*Attorneys for Fourth-Party Defendant Marvin Segal*


/s MARK L. JOSEPHS
Mark L. Josephs